Max A. DUNLAP, Petitioner—
Appellant,

v.

Dora B. SCHRIRO,* Director; et
al., Respondents—Appellees.

No. 04–16061.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided Nov. 3, 2005.

---

* Dora B. Schriro is substituted for her predecessor, Terry L. Stewart, as Director of the Arizona Department of Corrections. *See* Fed. R.App. P. 43(c)(2).

John Trebon, Esq., Flagstaff, AZ, for Petitioner–Appellant.

Joseph T. Maziarz, DAG, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: REAVLEY,** T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

1. As Dunlap has demonstrated no "actual prejudice" to his defense, *see United States v. Lovasco*, 431 U.S. 783, 789–90, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), he cannot establish a due process violation.

2. The Arizona Court of Appeals' conclusion that it was harmless error for the "Zobel letter" not to have been admitted at trial in its entirety, was not objectively unreasonable. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir.2004).

3. The Arizona Court of Appeals' conclusion that no jury coercion occurred when the trial court instructed the jury to continue deliberations was not an unreasonable application of Supreme Court precedent. *See United States v. Easter*, 66 F.3d 1018, 1023 (9th Cir.1995).

4. The trial court did not err when it denied Dunlap's motion to vacate judgment based on newly-discovered evidence. *See United States v. Reyes–Alvarado*, 963 F.2d 1184, 1188 (9th Cir.1992).

5. The Arizona Court of Appeals' conclusion that any Confrontation Clause errors were harmless was not objectively unreasonable. *See Medina*, 386 F.3d at 877.

6. Because the record does not reflect that the police knew the exculpatory value, if any, of records that were destroyed before Dunlap's second trial, no due process violation occurred. *See Illinois v. Fisher*, 540 U.S. 544, 545, 124 S.Ct. 1200, 157 L.Ed.2d 1060 (2004).

7. Dunlap's claim of cumulative trial error was never raised in state court. *See Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir.2000) (concluding that cumulative error must be distinctly raised as an issue in state court). Because Dunlap would be procedurally barred from raising the claim in state court at this time, his claim is exhausted. *See Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir.2002).

8. Although exhausted, Dunlap's claim of cumulative trial error is procedurally barred under Arizona law, as it would be precluded under 17 A.R.S. R.Crim. Proc. 32.2(a)(3) (precluding relief on grounds that could have been raised in a prior proceeding, including an appeal). Rule 32.2(a)(3) is an independent and adequate procedural bar, precluding consideration of the federal habeas claim. *See Ortiz*

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Stewart,* 149 F.3d 923, 931–32 (9th Cir. 1998).

9. The district court concluded that Dunlap's prosecutorial misconduct claim was unexhausted in state court. Although not presented in an organized manner, Dunlap's opening brief to the Arizona Court of Appeals cited legal authority to support his prosecutorial misconduct claim in a separate section. The claim was sufficiently covered in state court to satisfy the exhaustion requirement. *See Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).

However, this claim was not among those certified for appeal. We decline to broaden the certificate of appealability to include this claim because Dunlap did not make a "substantial showing of the denial of a constitutional right" according to 28 U.S.C. § 2253(c)(2). *See Barker v. Fleming,* 423 F.3d 1085, 1089 n. 1 (9th Cir. 2005).

AFFIRMED.