**UNITED STATES of AmericA,
Plaintiff—Appellee,**

v.

**Trinidad ESPINOZA–LOPEZ,
Defendant—Appellant.**

**No. 05–30028.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 25, 2006.*

Decided March 13, 2006.

---

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marc P. Friedman, Eugene, OR, for Defendant—Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and BURNS,** District Judge.

## MEMORANDUM ***

Defendant Trinidad Espinoza Lopez appeals his conviction and sentence following a bench trial. The district court found Espinoza Lopez guilty of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b) & 846 and two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a), (b). The district court sentenced Espinoza Lopez to a mandatory minimum of two hundred forty months' imprisonment under 21 U.S.C. §§ 841, 851. We affirm.

■ Espinoza Lopez first challenges the district court's denial of his Motion to Dismiss the Indictment, which was premised on an alleged violation of due process resulting from the Government's pre-indictment destruction of the drug evidence upon which his prosecution was based. Espinoza Lopez concedes that the evidence was, at best, only "potentially useful." Thus, its destruction violates due process only if done in bad faith. *See Arizona v. Youngblood,* 488 U.S. 51, 57, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (198); *Illinois v. Fisher,* 540 U.S. 544, 549, 124 S.Ct. 1200,

Jeffrey A. Kent, Esq., Eugene, OR, for Plaintiff—Appellee.

---

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

490

157 L.Ed.2d 1060 (2004). At most, Espinoza Lopez produced evidence showing that the Government intentionally destroyed the evidence, did not follow Department of Justice procedures for the destruction of evidence, and resumed their investigation of him after a federal grand jury returned an indictment against him. This evidence, however, fails to show bad faith, such as "official animus towards [him] or ... a conscious effort to suppress ... evidence." *California v. Trombetta*, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The district court did not err in denying his motion to dismiss the indictment.

■ Espinoza next alleges that the district court erred in failing to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Espinoza Lopez has waived this claim, having failed to move for dismissal of the indictment under the Act prior to trial. *See United States v. Brown*, 761 F.2d 1272, 1276 (9th Cir.1985) ("[A defendant's] failure to move for dismissal under the Act prior to trial results in 'waiver of the right to dismissal under [it].' "). Mere passing references to the right to a speedy trial are insufficient to alert the district judge to the assertion of rights under the Act. *See id.* at 1277.

Finally, Espinoza Lopez challenges his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Espinoza Lopez's *Blakely* challenge fails, because he waived his right to a jury trial, the district court found drug quantity beyond a reasonable doubt, and the fact of a prior conviction is not subject to the restrictions of *Blakely*. His *Booker* challenge is foreclosed by *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005) ("*Booker* does not bear on mandatory minimums...").

**AFFIRMED.**