**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5060

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO CURBELO, a/k/a Murando,

Defendant - Appellant.

No. 06-4116

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO CURBELO, a/k/a Murando,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:99-cr-00109-1)

Submitted: May 30, 2007                    Decided:  July 9, 2007

Before MOTZ and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ronald E. Justice, Jr., THE JUSTICE LAW FIRM, P.A., Hendersonville, North Carolina, for Appellant. Karen S. Marston, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Francisco Curbelo of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and six counts of possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and 18 U.S.C. § 2 (2000). The district court sentenced him to a 180-month sentence. Curbelo's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Curbelo has filed a pro se supplemental brief.* Finding no reversible error, we affirm.

Counsel suggests that the district court erred by denying Curbelo's motion to dismiss the indictment based upon the destruction of drug evidence before his retrial. Counsel asserts that the evidence was destroyed in bad faith in contravention of a court order. Counsel also contends that Curbelo was prejudiced by the destruction of the evidence because it prevented independent

---

*We grant Curbelo's motion to file a pro se supplemental brief. We have carefully considered the claims raised therein and find them to be without merit. We decline to address Curbelo's ineffective assistance of counsel claims in this direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.) (providing standard), cert. denied, 126 S. Ct. 1407 (2006).

testing of the drugs and examination of the plastic bags for latent fingerprints, resulting in a violation of due process.

The Supreme Court has held that, to establish a due process violation for failure to preserve evidence, a defendant must show that the evidence possessed exculpatory value that was apparent prior to its destruction and that the defendant cannot obtain comparable evidence by another means. California v. Trombetta, 467 U.S. 479, 488-89 (1984). However, "the failure to preserve this 'potentially useful evidence' does not violate due process 'unless a criminal defendant can show bad faith on the part of the police.'" Illinois v. Fisher, 540 U.S. 544, 547-48 (2004) (emphasis added) (quoting Arizona v. Youngblood, 488 U.S. 51, 58 (1988)); see United States v. Newsome, 322 F.3d 328, 334 (4th Cir. 2003) (discussing test).

Even if the drug evidence and the plastic bags were potentially useful evidence, Curbelo failed to show that the evidence was destroyed in bad faith. Rather, trial testimony disclosed that the evidence was deteriorating to the point that it could have contaminated other evidence. We therefore conclude that the destruction of the drug evidence did not amount to a violation of Curbelo's due process rights.

In accordance with Anders, we have reviewed the record for any meritorious issues and have found none. Therefore, we affirm Curbelo's convictions and sentence. This court requires

that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED