02-11-192-CR










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-11-00192-CR 

 

 


 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 
 
 
  
 V.
  
 
 
 
 
 Larence Daven Carter
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE 158th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

In
one issue, Appellant, the State of Texas, appeals from the trial court’s order
granting Larence Daven Carter’s motion to suppress.  We reverse and remand.

 

 

II.  Factual and Procedural Background

On
October 15, 2009, the State indicted Carter for intoxication manslaughter.  At
a pretrial hearing, Carter moved to dismiss the charge because the State had lost
the videotaped recording of his standardized field sobriety tests.  Specifically,
Carter asserted that the videotape, which he agreed had “inadvertently been
erased,” was “the one piece of evidence that the jur[ors] would have in the
field that they could take back into the jury room and look at” and that trying
a case without evidence that “could be exculpatory” is a deprivation of due process.

The
trial court denied this motion but stated that it would grant a motion to
suppress the field sobriety test results and the testimony of Officer
Persinger, who administered Carter’s field sobriety tests.[2] 
When the State asserted that no evidence of bad faith on which to base that
decision existed, the trial court responded, “I don’t care if it’s bad faith or
not[;] it’s missing.  They don’t have an opportunity to look at this and
determine whether or not he performed those field sobriety tests perfectly.”

After
the State filed a motion asking the trial court to clarify its ruling, the
trial court entered a suppression order that ordered the State not to “mention,
produce evidence, or elicit testimony from witnesses as to the administration,
performance, or the results of the [field sobriety tests] or the fact that
Officer Persinger had [Carter] perform any field sobriety testing that night.” 
The trial court clarified that this “pertains to what would and should have
been videotaped.”  This order also contained the trial court’s finding that the
videotape was not destroyed in bad faith.[3]  The State objected to
this suppression order, and this appeal followed.

III.  Suppression

The
State argues that the trial court erred by suppressing evidence concerning
Carter’s field sobriety tests because the destruction of the videotape did not
violate Carter’s due process rights.

A.  Standard of Review

We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total deference to a trial court’s rulings on
questions of historical fact and application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Amador, 221 S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002).

B.  Law

In
addressing whether the pretrial destruction of evidence constitutes a denial of
due process, the United States Supreme Court has drawn a distinction between
“material exculpatory evidence” and “potentially useful evidence.”  Salazar
v. State, 298 S.W.3d 273, 277–78 (Tex. App.—Fort Worth 2009, pet. ref’d); see
Arizona v. Youngblood, 488 U.S. 51, 57–58, 109 S. Ct. 333, 337 (1988)
(defining “potentially useful evidence” as that of which no more can be said
than that it might have exonerated the defendant).  A federal due process
violation occurs when the State suppresses or fails to disclose material
exculpatory evidence, regardless of whether the State acted in bad faith.[4] 
Illinois v. Fisher, 540 U.S. 544, 547, 124 S. Ct. 1200, 1202 (2004); Salazar,
298 S.W.3d at 278.  However, to prove a federal due process violation based on
the State’s loss or destruction of potentially useful evidence, the defendant
must show that the State destroyed the evidence in bad faith.  Fisher,
540 U.S. at 547–48, 124 S. Ct. at 1202 (noting that it does not matter that the
evidence provides the defendant’s only hope for exoneration and is essential to
and determinative of the outcome of the case).  One of the reasons for this
difference in treatment is that “whenever potentially exculpatory evidence is
permanently lost, courts face the treacherous task of divining the import of
materials whose contents are unknown and, very often, disputed.”  Youngblood,
488 U.S. at 57–58, 109 S. Ct. at 337.

C. 
Analysis

In
suppressing evidence related to the lost videotaped recording of Carter’s field
sobriety tests, the trial court failed to appreciate the United States Supreme
Court’s distinction between material exculpatory evidence and potentially
useful evidence.  See id. at 57–58, 109 S. Ct. at 337.  There was
no dispute in this case that the videotape had inadvertently been erased, no
longer existed, and could not be viewed.  The trial court even based its ruling
on Carter’s inability to determine what the videotape revealed.  Indeed, Carter
concedes on appeal that the field sobriety test constituted evidence that could
have been both favorable and unfavorable.  Therefore, this is precisely the
kind of evidence that the Supreme Court classifies as potentially useful
because it is permanently lost such that the court would face the treacherous
task of divining the import of its contents, which are disputed.  See id.
at 57–58, 109 S. Ct. at 337.

It does
not matter whether this evidence is the only piece of evidence of its kind that
the jury could have examined in the jury room or whether this evidence could have
determined the outcome of the case.  See Fisher, 540 U.S. at 548,
124 S. Ct. at 1202.  There was no dispute that the videotape could have been
exculpatory, but that is the most that can be said of it.  See Youngblood,
488 U.S. at 57–58, 109 S. Ct. at 337; Payne v. State, No. 2-09-100-CR,
2010 WL 1730857, at *3 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref’d) (mem.
op., not designated for publication) (holding that the DVD recording was
potentially useful evidence because the claim that it would have shown what
happened during the stop and arrest only amounted to an assertion that the DVD might
have exonerated the appellant).  Because Carter’s videotape was potentially useful
evidence, the trial court was required to find bad faith on the part of the
State before suppressing evidence related to the videotape.  See Fisher,
540 U.S. at 547–48, 124 S. Ct. at 1202.

During
the suppression hearing, the trial court failed to appreciate the importance of
this inquiry, stating that because Carter could not review the missing
videotape, the existence of bad faith was irrelevant.  Then in its suppression
order, the trial court expressly found that the loss of the videotape was not
due to bad faith on the part of the State or its agents.  Therefore, the trial
court erred by failing to correctly apply the law—the distinction between
material exculpatory evidence and potentially useful evidence—to the undisputed
facts—that the State failed to preserve the video but did not do so in bad
faith.  See Amador, 221 S.W.3d at 673; Salazar, 298 S.W.3d at
277–78.  Accordingly, we sustain the State’s sole issue.

IV. Conclusion

Having
sustained the State’s sole issue, we reverse the trial court’s suppression
order and remand this case for further proceedings.

 

PER CURIAM

 

PANEL: 
MCCOY, J.; LIVINGSTON, C.J.; and WALKER, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 16
,2012








 









[1]See Tex. R. App. P. 47.4.





[2]Carter had previously
filed a motion to suppress when another judge presided over the trial court.  Nothing
in the record indicates that this motion was granted, and trial commenced but
ended in a mistrial.  However, the current judge was subsequently elected to
that court, and he granted Carter’s motion to rehear all motions.





[3]During the pretrial
hearing, Carter did not dispute that the videotape was not destroyed in bad
faith and stated, “I have no reason to question the videos were lost in the method
in which they say they were lost.”  In addition, Carter states on appeal that
he does not contend that the videotape was lost in bad faith.





[4]A number of Texas courts
of appeals, including this court, have held that the Texas constitution does
not provide greater protection than the United States Constitution regarding
the State’s loss or destruction of evidence in a criminal prosecution.  Salazar,
298 S.W.3d at 278 (citing other courts of appeals’ decisions).  Therefore, we
will not conduct a separate analysis under the Texas constitution.  See id.;
see also Jimenez v. State, 32 S.W.3d 233, 242 & n.10 (Tex. Crim. App.
2000) (McCormick, P.J., concurring) (stating that
“due process of law” and “due course of law” mean the same thing).