**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1651
_____

DONTE MILBURN,
                              Appellant

v.

CITY OF YORK; MICHAEL S. HOSE;
RICHARD S. PEDDICORD; JEFFREY T. SPENCE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00121)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2015

Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: May 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Donte Milburn appeals the District Court's order granting the defendants' motion for summary judgment and the Magistrate Judge's orders denying his requests to amend his complaint. For the reasons detailed below, we will affirm the District Court's judgment.

In August 2006, a man named Juan Laboy was shot and killed in York, Pennsylvania. Two years later, a grand jury was convened to determine whether Milburn should be charged with the shooting. In the grand-jury proceedings, the prosecuting attorney, William Graff, presented several witnesses, including Luis Valentine and Gregory Hall. Both Valentine and Hall testified that Milburn had admitted to them that he and an accomplice had shot Laboy after he had resisted their attempt to rob him. The grand jury recommended that Milburn be prosecuted. On October 29, 2008, Milburn, who was already incarcerated for a different conviction, was arrested and charged with criminal homicide, robbery, and two counts of criminal conspiracy. He was arraigned on January 26, 2009.

At Milburn's criminal trial, Valentine admitted that he had lied to the grand jury about Milburn's involvement. Hall did not testify, for reasons that are not clear. The prosecution dropped all charges against Milburn on the second day of trial.

On January 6, 2012, Milburn filed this lawsuit, naming as defendants the City of York and several City police officers. Milburn claimed, under 42 U.S.C. § 1983, that the defendants had engaged in malicious prosecution and abuse of process; he also raised a municipal-liability claim. In September 2012, Milburn filed a motion to amend the complaint, seeking to add the prosecuting attorney, Graff, as a defendant. The Magistrate

2

Judge denied that request. Milburn later filed another motion to amend his complaint, this time seeking to add a claim under Brady v. Maryland, 373 U.S. 83 (1963), and a claim of false arrest. The Magistrate Judge again refused to allow amendment. The District Court then granted summary judgment to the defendants, and Milburn filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We review the orders denying Milburn leave to amend his complaint for abuse of discretion, Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003),[1] and exercise plenary review over the District Court's summary-judgment order, see Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).

We agree with the District Court's disposition of this case. First, the Magistrate Judge did not err in concluding that it would have been futile for Milburn to amend his complaint to name Graff as a party. In Pennsylvania, the statute of limitations for claims under § 1983 is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Milburn's malicious-prosecution claim accrued on January 12, 2010, when the criminal action was terminated, see Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989), and he was thus required to file his § 1983 claims on or before January 12, 2012. His initial

---

[1] As we note above, the Magistrate Judge entered the orders denying Milburn's motions to amend. Milburn failed to file an appeal with the District Court of the Magistrate Judge's order denying his first motion to amend. See 28 U.S.C. § 636(b)(1)(A). While Milburn did file an appeal of the second order, it appears that the District Court never ruled on that request. By failing to appeal the first order to the District Court, Milburn waived his right to appeal that ruling to this Court. See United States v. Polishan, 336 F.3d 234, 240 (3d Cir. 2003). However, this failure to appeal does not deprive this Court of jurisdiction, see id. at 239, and because the defendants have not raised this waiver argument, we will address Milburn's arguments on the merits, see generally Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 250 (3d Cir. 2013) ("a party can waive a waiver argument by not making the argument . . . in its briefs").

complaint was timely; however, he sought to amend his complaint to add Graff on September 12, 2012, well outside the two-year limitations period.

Accordingly, Milburn's claim against Graff would be timely only if it related back to the date of the original complaint. See Fed. R. Civ. P. 15(c)(1). As relevant here, this required a showing that, within 120 days of the filing of the original complaint, the party to be added to the action "received such notice of the action." Rule 15(c)(1)(C)(i). As the Magistrate Judge concluded, the record is bereft of any facts suggesting that Graff had actual or imputed notice of the lawsuit during the pertinent period. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 196-97 (3d Cir. 2001). While Milburn claims that the same law firm that represented the named defendants would likely have represented Graff, this will not suffice here, where Milburn has presented no evidence whatsoever suggesting that the attorneys "had any communication or relationship whatsoever with [Graff] within the 120-day period." Garvin, 354 F.3d at 226. Thus, as the Magistrate Judge held, it would have been futile to amend the complaint to raise this time-barred claim. See id. at 222.[2]

We likewise agree with the Magistrate Judge's refusal to permit Milburn to amend his complaint to bring a claim of false arrest and a claim alleging a Brady violation. As to the former, the false-arrest claim accrued on January 26, 2009, when Milburn was arraigned. See Wallace v. Kato, 549 U.S. 384, 390 (2007). The limitations period for this claim therefore expired on January 26, 2011 — that is, before Milburn filed his initial

---

[2] Graff would also have enjoyed absolute immunity from claims concerning his actions "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

complaint. Accordingly, this amendment would have been futile even assuming that it related back under Rule 15(c). See, e.g., Spotts v. United States, 613 F.3d 559, 573-74 (5th Cir. 2010).

In his putative Brady claim, Milburn alleges that the defendants violated his rights by failing to test blood samples and gunshot residue that were found on the crime scene; he contends that this evidence could have established his innocence. Even assuming that this claim would not have been time-barred, it would have been futile for Milburn to raise it. The blood samples and gunshot residue represent "potentially useful evidence," because Milburn can only "hope that, had the evidence been preserved, a . . . test conducted on the substance[s] would have exonerated him." Illinois v. Fisher, 540 U.S. 544, 548 (2004) (quotation marks omitted). To make out a due-process claim with respect to potentially useful evidence, Milburn must show that the Government acted in "bad faith" when it destroyed the evidence. Id.; see also Arizona v. Youngblood, 488 U.S. 51, 57 (1988). Here, Milburn's allegations of bad faith are entirely conclusory and fail to state a facially plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Magistrate Judge therefore did not err in denying leave to present this claim. See Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010) (amendment is futile if the amended complaint fails to state a claim).

We also agree with the District Court's determination that the defendants were entitled to summary judgment on Milburn's malicious-prosecution claim. To establish this claim, Milburn was required to show, among other things, that the criminal

5

proceeding "was initiated without probable cause." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). In cases like this one, where the grand jury issued a presentment, that presentment "constitutes prima facie evidence of probable cause to prosecute"; this presumption can be overcome only "by evidence that the presentment was procured by fraud, perjury or other corrupt means." Rose, 871 F.2d at 353.

Here, the grand jury issued its presentment after hearing both Valentine and Hall identify Milburn as the perpetrator. While Milburn alleges that the defendants induced Valentine and Hall to testify falsely, he presents no evidence in support of his claims. See In re Ikon Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) ("a party will not be able to withstand a motion for summary judgment merely by making allegations"). In fact, the record evidence is to the contrary — Valentine testified in his deposition that the defendants did not tell him to give a false statement. Further, while Milburn complains that the defendants failed to present evidence to the grand jury that tended to implicate other individuals, that is insufficient to rebut the presumption created by the presentment. See Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 363 (3d Cir. 2003). Accordingly, the District Court correctly concluded that Milburn's claim could not survive summary judgment. See id.; see also Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 790 (3d Cir. 2000).

Nor did the District Court err in granting judgment to the defendants on Milburn's abuse-of-process claim. As we have explained, "a section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." Rose, 871 F.2d at 350 n.17 (internal

6

quotation marks omitted).  Here, Milburn has steadfastly maintained that the criminal action was improper from the start, which constitutes malicious prosecution.  See id.  He presented no evidence that the criminal proceedings were ever used for an improper purpose.  See generally Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 305 n.2 (3d Cir. 2003).

Finally, given that the District Court did not err in granting judgment to the defendants on Milburn's various claims, it was also appropriate to grant judgment on his claim of municipal liability.  See Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) ("in order for municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights").

Accordingly, we will affirm the District Court's judgment