James Samuel KOR, Jr., Petitioner—Appellant,

v.

Tom FELKER, Acting Warden, Respondent—Appellee.

No. 06–17099.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 23, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

James Samuel Kor, Jr., Susanville, CA, pro se.

Christopher W. Grove, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

James Samuel Kor, Jr., a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Kor contends that his Sixth Amendment rights were violated when the trial court denied his request for appointment of counsel on murder charges when he had not yet been charged with murder. We conclude that the state courts' rejection of this claim did not constitute an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *McNeil v. Wisconsin,* 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

We also reject Kor's contentions alleging due process violations resulting from preindictment delay, failure to preserve evidence, and suppression of evidence, that were decided on the merits by the state courts. Kor has not demonstrated that the delay before murder charges were filed resulted in actual prejudice or violated fundamental conceptions of justice. *See United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Kor also has not demonstrated that any failure to preserve potentially useful evidence was the result of bad faith on the part of the state. *See Illinois v. Fisher,* 540 U.S. 544, 547–48, 124 S.Ct. 1200, 157 L.Ed.2d 1060 (2004). With respect to his suppression claim, Kor has not demonstrated a reasonable probability that the result of his trial would have been different had any additional evidence been obtained. *See United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We conclude that the California Court of Appeal's rejection of these claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law as deter-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mined by the Supreme Court, nor resulted from an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1)–(2).

Kor's request to expand the Certificate of Appealability is denied. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam). All other requests for relief are denied.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.