

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00192-CR

THE STATE OF TEXAS             STATE

V.

LARENCE DAVEN CARTER           APPELLEE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In one issue, Appellant, the State of Texas, appeals from the trial court's order granting Larence Daven Carter's motion to suppress. We reverse and remand.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

On October 15, 2009, the State indicted Carter for intoxication manslaughter. At a pretrial hearing, Carter moved to dismiss the charge because the State had lost the videotaped recording of his standardized field sobriety tests. Specifically, Carter asserted that the videotape, which he agreed had "inadvertently been erased," was "the one piece of evidence that the jur[ors] would have in the field that they could take back into the jury room and look at" and that trying a case without evidence that "could be exculpatory" is a deprivation of due process.

The trial court denied this motion but stated that it would grant a motion to suppress the field sobriety test results and the testimony of Officer Persinger, who administered Carter's field sobriety tests.[2] When the State asserted that no evidence of bad faith on which to base that decision existed, the trial court responded, "I don't care if it's bad faith or not[;] it's missing. They don't have an opportunity to look at this and determine whether or not he performed those field sobriety tests perfectly."

After the State filed a motion asking the trial court to clarify its ruling, the trial court entered a suppression order that ordered the State not to "mention,

---

[2]Carter had previously filed a motion to suppress when another judge presided over the trial court. Nothing in the record indicates that this motion was granted, and trial commenced but ended in a mistrial. However, the current judge was subsequently elected to that court, and he granted Carter's motion to rehear all motions.

produce evidence, or elicit testimony from witnesses as to the administration, performance, or the results of the [field sobriety tests] or the fact that Officer Persinger had [Carter] perform any field sobriety testing that night." The trial court clarified that this "pertains to what would and should have been videotaped." This order also contained the trial court's finding that the videotape was not destroyed in bad faith.[3] The State objected to this suppression order, and this appeal followed.

## III. Suppression

The State argues that the trial court erred by suppressing evidence concerning Carter's field sobriety tests because the destruction of the videotape did not violate Carter's due process rights.

## A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact

---

[3]During the pretrial hearing, Carter did not dispute that the videotape was not destroyed in bad faith and stated, "I have no reason to question the videos were lost in the method in which they say they were lost." In addition, Carter states on appeal that he does not contend that the videotape was lost in bad faith.

questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at

673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v.*

*State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

## B. Law

In addressing whether the pretrial destruction of evidence constitutes a

denial of due process, the United States Supreme Court has drawn a distinction

between "material exculpatory evidence" and "potentially useful evidence."

*Salazar v. State*, 298 S.W.3d 273, 277–78 (Tex. App.—Fort Worth 2009, pet.

ref'd); *see Arizona v. Youngblood*, 488 U.S. 51, 57–58, 109 S. Ct. 333, 337

(1988) (defining "potentially useful evidence" as that of which no more can be

said than that it might have exonerated the defendant). A federal due process

violation occurs when the State suppresses or fails to disclose material

exculpatory evidence, regardless of whether the State acted in bad faith.[4] *Illinois*

*v. Fisher*, 540 U.S. 544, 547, 124 S. Ct. 1200, 1202 (2004); *Salazar*, 298 S.W.3d

at 278. However, to prove a federal due process violation based on the State's

loss or destruction of potentially useful evidence, the defendant must show that

the State destroyed the evidence in bad faith. *Fisher*, 540 U.S. at 547–48, 124

---

[4]A number of Texas courts of appeals, including this court, have held that the Texas constitution does not provide greater protection than the United States Constitution regarding the State's loss or destruction of evidence in a criminal prosecution. *Salazar*, 298 S.W.3d at 278 (citing other courts of appeals' decisions). Therefore, we will not conduct a separate analysis under the Texas constitution. *See id.*; *see also Jimenez v. State*, 32 S.W.3d 233, 242 & n.10 (Tex. Crim. App. 2000) (McCormick, P.J., concurring) (stating that "due process of law" and "due course of law" mean the same thing).

4

S. Ct. at 1202 (noting that it does not matter that the evidence provides the defendant's only hope for exoneration and is essential to and determinative of the outcome of the case). One of the reasons for this difference in treatment is that "whenever potentially exculpatory evidence is permanently lost, courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed." *Youngblood*, 488 U.S. at 57–58, 109 S. Ct. at 337.

## C. Analysis

In suppressing evidence related to the lost videotaped recording of Carter's field sobriety tests, the trial court failed to appreciate the United States Supreme Court's distinction between material exculpatory evidence and potentially useful evidence. *See id.* at 57–58, 109 S. Ct. at 337. There was no dispute in this case that the videotape had inadvertently been erased, no longer existed, and could not be viewed. The trial court even based its ruling on Carter's inability to determine what the videotape revealed. Indeed, Carter concedes on appeal that the field sobriety test constituted evidence that could have been both favorable and unfavorable. Therefore, this is precisely the kind of evidence that the Supreme Court classifies as potentially useful because it is permanently lost such that the court would face the treacherous task of divining the import of its contents, which are disputed. *See id.* at 57–58, 109 S. Ct. at 337.

5

It does not matter whether this evidence is the only piece of evidence of its kind that the jury could have examined in the jury room or whether this evidence could have determined the outcome of the case. *See Fisher*, 540 U.S. at 548, 124 S. Ct. at 1202. There was no dispute that the videotape could have been exculpatory, but that is the most that can be said of it. *See Youngblood*, 488 U.S. at 57–58, 109 S. Ct. at 337; *Payne v. State*, No. 2-09-100-CR, 2010 WL 1730857, at *3 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that the DVD recording was potentially useful evidence because the claim that it would have shown what happened during the stop and arrest only amounted to an assertion that the DVD might have exonerated the appellant). Because Carter's videotape was potentially useful evidence, the trial court was required to find bad faith on the part of the State before suppressing evidence related to the videotape. *See Fisher*, 540 U.S. at 547–48, 124 S. Ct. at 1202.

During the suppression hearing, the trial court failed to appreciate the importance of this inquiry, stating that because Carter could not review the missing videotape, the existence of bad faith was irrelevant. Then in its suppression order, the trial court expressly found that the loss of the videotape was not due to bad faith on the part of the State or its agents. Therefore, the trial court erred by failing to correctly apply the law—the distinction between material exculpatory evidence and potentially useful evidence—to the undisputed facts—that the State failed to preserve the video but did not do so in bad faith. *See*

6

*Amador*, 221 S.W.3d at 673; *Salazar*, 298 S.W.3d at 277–78. Accordingly, we sustain the State's sole issue.

## IV. Conclusion

Having sustained the State's sole issue, we reverse the trial court's suppression order and remand this case for further proceedings.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 16 ,2012