NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0310n.06

No. 10-1105

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT HENSHAW, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | **Mar 20, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MARY BERGHUIS, Warden, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

Before: CLAY and KETHLEDGE, Circuit Judges; DOW, District Judge.[*]

KETHLEDGE, Circuit Judge. A Michigan jury convicted Robert Henshaw of repeatedly raping two young girls. The girls are the daughters of Henshaw's then-live-in girlfriend. After the state courts affirmed his convictions, Henshaw sought a writ of habeas corpus in federal court under 28 U.S.C. § 2254, asserting numerous grounds of relief. The district court denied Henshaw's petition and refused to grant a certificate of appealability. Without specifying which claims arguably had merit, we granted the certificate. We now affirm.

We review de novo the district court's denial of the writ. *Tibbetts v. Bradshaw*, 633 F.3d 436, 441 (6th Cir. 2011). A prisoner is not entitled to habeas relief if he has procedurally defaulted a claim (absent good cause) or if the state court has adjudicated his claim on the merits and the state

---

[*]The Honorable Robert M. Dow, Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See Middlebrooks v. Bell*, 619 F.3d 526, 534 (6th Cir. 2011).

Henshaw first challenges the admission at trial of evidence of numerous uncharged "bad acts." Some evidence showed that he possessed pornographic or sexually suggestive images—magazines, screen savers, and cartoons—and that he sent the images to the girls. Other evidence concerned harsh punishments he would inflict on the girls, his provision of alcohol to them, and his threats to them and their mother. Finally, a witness testified that Henshaw had been a member of a "sex cult" when he was younger. To the extent Henshaw argues that this evidence was inadmissible under state law, for either procedural or substantive reasons, his claims are not cognizable in federal court. *See Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2011). Henshaw does argue, however, that the evidentiary rulings denied him a fundamentally fair trial in violation of the Fourteenth Amendment's Due Process Clause.

Henshaw argues that the Michigan Court of Appeals did not adjudicate his bad-acts claims on the merits, which means that we should not defer to its decision under AEDPA. Henshaw notes that the state court only explicitly addressed whether the statements were admissible under Michigan evidentiary law. *See People v. Henshaw*, No. 258359, 2006 WL 664163, at *4–5 (Mich. Ct. App. Mar. 16, 2006). But in a prior case we deferred to a state court that admitted bad-acts evidence under state law, even though the court "did not address [the petitioner's] federal constitutional due process claims." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). There, as here, the state court's analysis of the evidentiary claim effectively disposed of the constitutional one as well, since the court's conclusion was that the evidence did not cause the defendant unfair prejudice. Henshaw also

points out that here the state court reviewed the admission of the evidence only for plain error. *See Henshaw*, 2006 WL 664163, at *4–5. But in doing so the court considered the merits of all but one of Henshaw's claims. We therefore defer to the state court's adjudication of those claims. *See Fleming v. Metrish*, 556 F.3d 520, 530–32 (6th Cir. 2009).

As for the merits of those claims, the Due Process Clause prohibits only "very narrow[]" categories of evidentiary decisions "that violate 'fundamental fairness.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990). And "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Thus, at this level of generality at least, Henshaw cannot show that the state court's admission of this evidence was contrary to "clearly established" Supreme Court precedent. *See Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007).

Moreover, the evidence had some probative value and was not overwhelmingly prejudicial. The evidence that Henshaw sent pornographic images to the girls and gave them alcohol could show that he viewed the girls sexually. The evidence that Henshaw had threatened the girls and punished them harshly demonstrated that they were scared to report the sexual abuse, thereby explaining the girls' delay in doing so. Moreover, the trial court instructed the jury not to use the evidence for propensity purposes, thereby mitigating any potential prejudice. *See Dowling*, 493 U.S. at 353. The state court acted reasonably in rejecting these claims.

The one bad-acts claim that the state court arguably did not reject on the merits was the sex-cult claim. The Michigan Court of Appeals determined that Henshaw "did not timely object" to the testimony in the trial court and that he had offered only a conclusory argument on appeal. *Henshaw*,

-3-

2006 WL 664163, at *5. The court thus invoked its procedural rule against cursory or conclusory arguments in rejecting Henshaw's claim.

Henshaw's failure to present this argument fairly to the state court of appeals constitutes procedural default. *See Pudelski v. Wilson*, 576 F.3d 595, 605–06 (6th Cir. 2009). Henshaw does not even attempt to show cause for his default, which is therefore unexcused. *See Awkal v. Mitchell*, 613 F.3d 629, 646 (6th Cir. 2010) (en banc). Thus we reject this claim.

Henshaw next claims that the trial court denied him the right to present a complete defense when it excluded several supposedly affectionate Christmas cards and letters that the girls wrote to him. These documents, Henshaw says, show that the girls were lying when they testified that he raped them. This inference is not terribly strong; and at any rate Henshaw did present the content of the cards and letters through witness testimony. The Michigan Court of Appeals was reasonable in concluding that the admission of the documents themselves was not so crucial and exculpatory as to be constitutionally required. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

Henshaw also claims that the police destroyed other exculpatory evidence. During the search of the house where Henshaw lived with the girls and their mother, the police found a jar with slips of paper in it. On the first day of trial, Henshaw requested production of the slips so that he could use them to attack the credibility of one of the girls. By that point, however, the police had already destroyed the slips, thinking that they were irrelevant. Henshaw cross-examined a police detective about them.

To prevail on his destruction-of-evidence claim, Henshaw needed to show either that the evidence was exculpatory or that the police acted in bad faith. *See Illinois v. Fisher*, 540 U.S. 544,

547–48 (2004) (per curiam). The Michigan Court of Appeals held that Henshaw could show neither.

Henshaw argues the slips were useful for impeachment. He says that one of the girls had written "sexual innuendos" on several of the slips. She testified that she and her friends used them during "Truth or Dare" games, but that they were not sexual in nature. Henshaw says that the innuendos on the slips showed that she was lying about this collateral matter and that therefore she must have been lying about the main issue on which she testified. This inference too is weak. *See United States v. Guthrie*, 557 F.3d 243, 251 (6th Cir. 2009). The slips were, at most, "potentially useful evidence" whose destruction did not violate due process absent bad faith. *Fisher*, 540 U.S. at 547–48. And there is no evidence of bad faith here. We therefore reject this claim.

Henshaw next complains about alleged prosecutorial misconduct. First, he argues that the prosecutor should not have sought admission of the bad-acts evidence. The claim is meritless: The prosecution may seek the admission of bad-acts evidence that the trial court deems admissible, and may rely on that evidence in presenting its case. *See Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008). That is what the prosecutor did here.

Second, Henshaw argues that the prosecutor argued facts not in evidence during her rebuttal closing argument. Specifically, in explaining why the case lacked physical evidence, the prosecutor stated that forensic evidence usually does not remain months after the abuse, which is when the girls reported the abuse here. The prosecutor also claimed that in 90 percent of cases "[t]he evidence comes from witnesses' testimony[.]" The Michigan Court of Appeals found that, "[v]iewed in context, these remarks were focused on refuting defense counsel's closing argument[,]" which contended that witness testimony was less probative than physical evidence. The court also noted

that the prosecutor mitigated any prejudicial effect by reminding the jury that it had to find Henshaw guilty beyond a reasonable doubt based on the evidence presented at trial. The court therefore held that, even if the remarks were improper, they were not prejudicial.

It is sometimes improper for a prosecutor to comment on facts not in evidence. *See Taylor v. Kentucky*, 436 U.S. 478, 486–87 (1978). But impropriety is not unconstitutionality, if even there was impropriety here. The remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted). Moreover, if a prosecutor's improper comment responds to a defense attorney's argument, the comment is more likely to be fair. *See id.* at 182. Reminders to the jury to base its decision solely on the evidence also mitigate prejudicial effects. *See id.* Here, the remarks were fairly responsive to defense counsel's argument in closing that the prosecution lacked physical evidence to support its charges; and the prosecutor's remarks were immediately followed by a curative reminder. The state court's determination that the comments did not, in context, amount to a due process violation was reasonable.

As for Henshaw's remaining claims of prosecutorial misconduct, the Michigan Court of Appeals held that Henshaw failed to object to them. Henshaw does not challenge these determinations. Nor does he argue that he has cause to excuse his procedural default. We therefore cannot grant relief on these claims, either.

We make shorter work of Henshaw's last two arguments. He argues that Michigan's sentencing regime violates *Blakely v. Washington*, 542 U.S. 296 (2004). We have already rejected this argument. *See Montes v. Trombley*, 599 F.3d 490, 497–98 (6th Cir. 2010). And Henshaw's

claim "that the cumulative effect of these errors rendered his trial fundamentally unfair" is "not cognizable" after AEDPA. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011).

The district court's judgment is affirmed.