NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4119
_____

UNITED STATES OF AMERICA

v.

KENNETH KRAEGER,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-11-cr-00084-001
District Judge: The Honorable A. Richard Caputo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2015

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*

(Filed:  July 31, 2015 )
_____

OPINION*
_____

SMITH, *Circuit Judge.*

Defendant Kenneth Kraeger appeals his convictions under 21 U.S.C. § 841(a)(1)

for manufacturing marijuana plants on two separate occasions, as well as his convictions

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

under 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g)(3) for possession of a firearm in furtherance of a drug trafficking crime and as an unlawful user of a controlled substance. Kraeger contends that law enforcement improperly destroyed hundreds of marijuana plants seized from his residence, that the warrants permitting two searches of his residence did not satisfy the Fourth Amendment, and that the evidence was insufficient to support his convictions. For the reasons that follow, we will affirm the judgment of conviction of the District Court.

## I.

On May 28, 2009, Pennsylvania state law enforcement executed a search warrant for Kraeger's residence and seized evidence of a large marijuana grow operation. According to the affidavit of probable cause supporting the warrant, Kraeger first came to the attention of authorities in this case based on a tip from a confidential informant. That informant told law enforcement during an interview that he had observed marijuana plants growing in the basement of Kraeger's home. Examination of Kraeger's criminal history also revealed that he had previously been arrested for multiple drug offenses. After the informant confirmed on a map the location of the residence, state police obtained usage records from the local electric company for Kraeger's home. Kraeger had informed the electric company that he ran a ceramics business out of his home, but his usage rates were inconsistent with a ceramics business. To the contrary, the high overall rate of power consumption, including increased usage during colder months, was consistent with a marijuana grow operation. And law enforcement was unable to uncover evidence of any ceramics business being run out of Kraeger's home.

After obtaining a warrant based on this information, law enforcement seized 1,079 marijuana plants and related equipment from Kraeger's home. Police also seized a rifle and two shotguns. One of the shotguns was stored near a golf bag containing $15,000. In addition, police discovered small amounts of marijuana and rolling papers in Kraeger's bedroom, along with a small amount of cocaine on Kraeger's nightstand. After photographing this evidence and retaining some samples, police destroyed the bulk of the marijuana evidence. Kraeger was charged with several violations of Pennsylvania law.

Upon his release on bail, Kraeger and his son were stopped for speeding in New Hampshire. Law enforcement immediately detected the odor of freshly burned marijuana, and Kraeger appeared to be under the influence of narcotics. Police then obtained a warrant to search both the vehicle as well as Kraeger's son's mobile device, resulting in the seizure of thousands of dollars, another high electricity bill for Kraeger's residence, and more marijuana. An initial review of the mobile device revealed several emails potentially related to drug trafficking, including evidence that hydroponic equipment was being shipped to Kraeger's Pennsylvania residence. New Hampshire law enforcement then obtained a second warrant to copy the files on the mobile device and for forensic analysis.

New Hampshire police communicated these details to both Pennsylvania and federal authorities, although there is some dispute as to whether federal officers were aware that the first warrant encompassed Kraeger's son's mobile device. Acting on that information, federal law enforcement then obtained records regarding Kraeger's electricity usage, which again revealed usage patterns consistent with a grow operation.

3

Examination of Kraeger's criminal history also revealed his outstanding Pennsylvania drug charges. Federal authorities then obtained another search warrant for Kraeger's home. That search revealed 241 new marijuana plants and related equipment. A federal grand jury then indicted Kraeger. Kraeger now appeals his conviction on his federal charges.[1]

## II.

Kraeger first asks that we dismiss his indictment or otherwise suppress the evidence of marijuana seized from his residence because authorities destroyed the physical marijuana plants. Given that the significant amount of marijuana involved in this case was only "potentially useful" to Kraeger to the extent law enforcement's count might have been inaccurate, Kraeger must demonstrate that police acted in bad faith when they did not preserve this evidence. *See Illinois v. Fisher*, 540 U.S. 544, 547–48 (2004) (per curiam). We review the District Court's finding that bad faith was lacking under a clearly erroneous standard. *United States v. Stevens*, 935 F.2d 1380, 1388 (3d Cir. 1991). "The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Arizona v. Youngblood*, 488 U.S. 51, 56 n.* (1988).

Here, Kraeger's claims of bad faith rest on little more than speculation. Pennsylvania police conducted the first raid of his residence and destroyed the bulk of the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

marijuana evidence seized from that raid only after taking several photographs. Kraeger identifies no violation of any state policy requiring Pennsylvania law enforcement to undertake more substantial preservation efforts. Although Kraeger suggests that Pennsylvania officers were motivated to identify 1,000 plants so that he would be subject to enhanced punishment, that number is not a significant threshold under Pennsylvania law, as opposed to federal law. Indeed, federal authorities became involved only after New Hampshire police later found evidence indicating that Kraeger had recommenced manufacturing marijuana while awaiting trial on his Pennsylvania charges. Accordingly, there is little evidence indicating that the Pennsylvania officers who destroyed the plants after the first raid knew that the marijuana would have exculpatory value.

As to the second search of Kraeger's residence conducted by federal agents, Kraeger obliquely refers to a U.S. Drug Enforcement Administration ("DEA") policy cited by an out-of-circuit district court in *United States v. Montgomery*, 676 F. Supp. 2d 1218, 1244–45 (D. Kan. 2009) (noting that a "DEA Agents Manual" requires agents to "photograph[] the plants and their root systems so that an accurate count may be obtained and preserved"). Yet Kraeger offers no evidence of the specifics of this alleged policy, leaving us unable to assess whether the photographs and video that agents did take were sufficient under the policy or even whether the policy applies to the DEA agents in this case. Nevertheless, even if there were a policy that the agents here might have violated, the failure to follow a standard procedure may permit an inference of bad faith but "does not syllogistically imply the presence of bad faith as a matter of deductive logic." *United States v. Deaner*, 1 F.3d 192, 200 (3d Cir. 1993). Here, the District Court credited the

5

Government's explanation that the evidence was destroyed for "safety and practicality" reasons, given "the sheer volume of evidence seized from [Kraeger's] residence and its hazardous nature, as well as the infeasible task of long-term retention and storage of the type of evidence at issue in this case." App. 40 (internal quotation marks omitted). With no evidence demonstrating this was not the actual reason the marijuana was destroyed, the District Court's conclusion that police did not destroy the plants from either raid in bad faith was not clearly erroneous.

**III.**

Kraeger also contends that the warrants authorizing the searches of his home were inadequate. As to the first warrant, Kraeger argues that law enforcement's supporting affidavit was insufficient to establish probable cause. Our review is thus limited to whether "the magistrate judge had a 'substantial basis' for concluding that probable cause existed." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Here, after interviewing an informant, Pennsylvania police corroborated the information that informant provided by examining Kraeger's electricity bills and investigating the legitimacy of his purported ceramics business. As detailed in law enforcement's affidavit, these investigative efforts yielded sufficient information supporting the conclusion that "a fair probability that contraband or evidence of a crime" would be found in Kraeger's residence. *Gates*, 462 U.S. at 238.

Kraeger also contends that law enforcement omitted from the application for the second search warrant of his residence certain key details regarding the New Hampshire police's search of Kraeger's son's mobile device. According to Kraeger, those details

6

may have suggested to federal authorities that the search of the mobile device was improper. For this claim, Kraeger must demonstrate "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions were material, or necessary, to the probable cause determination." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).

Here, we find no material omission from the affidavit of probable cause supporting the second warrant for Kraeger's residence. Even if we were to set aside information gleaned from Kraeger's son's mobile device, ample evidence supports a finding of probable cause. New Hampshire police seized over $4,000, to which a drug canine alerted, as well as additional marijuana from Kraeger's vehicle. Federal authorities were also aware of the state charges Kraeger was facing, and that his electricity usage at his residence was again consistent with marijuana production. This was sufficient evidence to establish probable cause that Kraeger had resumed cultivating marijuana in his home even absent the evidence gleaned from Kraeger's son's mobile device. Accordingly, the District Court did not err when it refused to suppress the evidence seized during the searches of Kraeger's residence.

**IV.**

Finally, we address Kraeger's sufficiency claims. Viewing the record in the light most favorable to the Government, "[w]e must uphold the jury's verdict if there is substantial evidence from which a rational trier of fact could find the essential elements

7

of the crime beyond a reasonable doubt." *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009). Given that Kraeger has identified no error requiring the suppression of any evidence in this case, his sufficiency claims must fail. Several law enforcement agents testified to the number of marijuana plants seized from Kraeger's home during both the first and second search, presenting both video and photographic evidence of Kraeger's grow operation. The jury could also conclude from that testimony that law enforcement counted the plants properly. Laboratory tests further confirmed that the plants seized were in fact marijuana. This evidence was more than sufficient to support both counts of conviction under 21 U.S.C. § 841(a)(1).

Testimony from Kraeger's associates along with the firearms and personal-sized amounts of drugs seized from Kraeger's bedroom also supported Kraeger's conviction under 18 U.S.C. § 922(g)(3) for possessing a firearm as a user of controlled substances. And the location from which the loaded firearms were seized in relation to Kraeger's marijuana operation also support Kraeger's conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. Thus, sufficient evidence supported Kraeger's conviction on all counts.

## V.

For these reasons, we will affirm the judgment of conviction of the District Court.