

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,              )
                                )
    Plaintiff-Respondent,    )
                                )
vs.                             )      No. SD33755
                                )
LESTER DEANDRE ANTHONY ERBY,    )      **Filed:  June 13, 2016**
                                )
    Defendant-Appellant.     )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

**AFFIRMED IN PART AND REVERSED IN PART**

In two trials of severed charges, a jury found Lester Deandre Anthony Erby ("Defendant") guilty of sexual assault, deviate sexual assault and attempted deviate sexual assault of Victim A, and a second jury found Defendant guilty of sexual assault of Victim B. Defendant appeals the convictions relating to both victims. As to Victim A, the State agrees to the request in Defendant's point that the sentences imposed by the trial court[1] on the charges involving Victim A should be reversed and the jury's guilty verdicts on those charges should be remanded to the trial court solely for resentencing with jury

---

[1] Due to unusual circumstances, the jury that decided Defendant's guilt was unable to sentence Defendant.

1

participation in accordance with section 557.036, RSMo Cum.Supp. 2003. We grant Defendant's point on the basis of the State's concession and will address the point no further. As to Victim B, we deny both points raised by Defendant and affirm the remainder of the judgment.

**Facts and Procedural History**

Defendant was charged with forcible rape and, "[i]n the alternative," sexual assault based on events that occurred on July 21, 2012, involving Victim B, an adult female. Prior to the trial concerning Victim B, the State amended the charging instrument to allege Defendant was a prior offender with respect to the charges involving Victim B. The trial court also found that Defendant was a prior offender on the morning of trial before *voir dire*.

On July 12, 2014, the State filed a motion in limine requesting that Defendant not mention before the jury "[a]ny argument or negative inference that the evidence from [Victim A's] case was destroyed." On July 14, 2014, the trial court denied the State's motion "at this point."

On December 14, 2014, the State filed a motion in limine requesting that Defendant not mention before the jury "[a]ny reference or argument of an adverse inference due to the disposal of physical evidence." Before trial began, Defendant filed a motion to dismiss the counts involving Victim B with prejudice because the State, in violation of Defendant's right to due process, "destroyed and/or 'lost' evidence" including a "'rape kit,'" a recording of Defendant's preliminary hearing, photographs of "the alleged scene of the crime," and a "buccal swab of defendant taken on July 26, 2012." In argument before the trial court, defense counsel added a recording of Victim

2

B's statement to a law enforcement officer. The trial court denied Defendant's motion to dismiss.[2] The parties also presented argument on the State's motion in limine that was filed December 14. The trial court "reserved" ruling on the State's motion in limine, and noted that the State conceded evidence showing evidence previously available is no longer available would be admissible but requested that defense counsel approach the trial court before defense counsel referred to any adverse inference based on the unavailability of evidence before the jury.

In defense counsel's closing argument, the following brief exchange occurred:

> [DEFENSE COUNSEL:] Let's talk about corroborating evidence. The State has presented, aside from the DNA results, which, again, we agree shows that an act of sexual intercourse occurred -- but other than that, the State presented you two photographs, apparently out of many taken. You heard one of the officers say, I took photographs of the scene –

> [PROSECUTOR]: Judge, I'm going to object. That's a violation of the motion in limine.

> THE COURT: Sustained. Continue to argue.

> [DEFENSE COUNSEL]: You've seen nothing but two photographs. Officer McDowell told you she threw away a lot of the evidence. This case is full of reasonable doubt. . . .[3]

The jury found Defendant not guilty of forcible rape, and guilty of the alternatively charged offense, sexual assault. The trial court sentenced Defendant to fifteen years for sexual assault of Victim B.[4]

---

[2] Defendant included the trial court's denial of his motion to dismiss with prejudice in a motion for new trial. The trial court denied the motion for new trial.

[3] Though we are unconvinced because it is unclear what defense counsel intended to argue from the transcript, Defendant takes the position this ruling by the trial court was an exclusion of argument that the jury was entitled to draw an adverse inference from the State's alleged destruction of evidence, and claims he included the exclusion in a motion for new trial. The trial court denied the motion for new trial.

[4] The trial court ordered the sentence to run consecutively to sentences imposed on the crimes against Victim A.

**Defendant's Points II and III**

*Information Regarding State's Alleged Destruction of Evidence*

In a hearing on pretrial motions on July 11, 2014, the State informed the trial court that the State intended to record Defendant's preliminary hearing, but that the recording equipment malfunctioned with the result nothing was recorded at the preliminary hearing other than "static." Defense counsel told the trial court he had no reason to believe the State's explanation was incorrect. In another hearing on pretrial motions on July 14, 2014, the State informed the trial court: (1) the allegations involving Victim B were presented to the prosecutor's office in January 2013, and prosecution was declined and law enforcement was given permission to "release/destroy" evidence relating to the allegations; (2) the evidence that was destroyed included a buccal swab from Defendant, a "sex assault kit," and photographs, but a laboratory report was retained and Defendant's "DNA profile" was entered into "the system;"[5] and (3) subsequently the prosecutor's office became aware of "three more victims" and decided that prosecution of Defendant should be pursued for his acts involving Victim B.

The defense at trial was that it was consensual sex. Defendant's counsel, not disputing that Defendant had intercourse with Victim B, stated in closing argument:

> All right. Now, we, [Defendant], does not dispute that an act of intercourse occurred. The corroborative evidence, the circumstantial evidence shows that. An act of intercourse did occur. The question is: Was it forcible rape, or was it sexual assault, or was it just two people having intercourse?

---

[5] State's Exhibit 101 apparently contains a description of the evidence that was released/destroyed, but that exhibit was not deposited with us.

The law enforcement officer who allegedly recorded an interview of Victim B testified in an offer of proof at trial that she could not remember if she recorded her interview of Victim B.

*Point II – Destruction of Evidence*

Defendant contends that the trial court erred in denying Defendant's motion to dismiss the charges involving Victim B because the denial of the motion violated Defendant's right to due process in that the State "intentionally destroyed" "the rape kit, the original buccal swab of [Defendant], photos taken at the scene and [Victim B's] recorded police statement, all of which are exculpatory or impeaching evidence." We reject Defendant's point because Defendant wholly fails to show any of the destroyed evidence was "materially exculpatory" or that the State destroyed the evidence for the "purpose" of depriving Defendant of exculpatory evidence.

A trial court's ruling on a motion to dismiss a charging instrument is reviewed for an abuse of discretion. *State v. Cox*, 328 S.W.3d 358, 361-62 (Mo.App. W.D. 2010) (grant of a motion to dismiss); *State v. Berwald*, 186 S.W.3d 349, 366 (Mo.App. W.D. 2005) (denial of a motion to dismiss).

> The standard[] governing [due process claims for access to evidence] depends on the nature of the evidence the State has destroyed.
>
>> [W]hen the State suppresses or fails to disclose material exculpatory evidence, the good or bad faith of the prosecution is irrelevant: a due process violation occurs whenever such evidence is withheld. In *Youngblood*, by contrast, we recognized that the Due Process Clause "requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." [*Arizona v. Youngblood*,] 488 U.S. [51,] 57[]. We concluded that the failure to preserve this "potentially useful evidence"

5

does not violate due process "*unless a criminal defendant can show bad faith on the part of the police*." *Id*., at 58[] (emphasis added).

*Illinois v. Fisher*, 540 U.S. 544, 547–48[] (2004) (other citations omitted).

For evidence to qualify as "materially exculpatory," "the evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489[] (1984). If the evidence fails to meet this two-pronged test, then the evidence is, at most, only "potentially useful," and a showing of bad faith is necessary to substantiate a due process claim based on the State's destruction of the evidence. *Fisher*, 540 U.S. at 548, 124 S.Ct. 1200.

*Cox*, 328 S.W.3d at 362. Our Supreme Court has stated: "[a]bsent a showing of bad faith on the part of the police or prosecutor, the failure to preserve even potentially useful evidence does not constitute a denial of due process." **State v. Ferguson**, 20 S.W.3d 485, 504 (Mo. banc 2000). Bad faith means the evidence was destroyed "for the purpose of depriving the defendant of exculpatory evidence." **Cox**, 328 S.W.3d at 364-65 (internal quotations and citations omitted). As the proponent of the motion to dismiss, Defendant had the burden to show the destroyed evidence was materially exculpatory or potentially useful and, if merely potentially useful, destroyed in bad faith. *See generally* **Berwald**, 186 S.W.3d at 365, 366-67 (placing burden of proof on the defendant); **State v. Ise**, 460 S.W.3d 448, 457-58 (Mo.App. W.D. 2015) (same).

In this case, Defendant failed to offer any evidence that the destroyed evidence was materially exculpatory, was potentially useful to the defense, or was destroyed with the purpose of depriving Defendant of exculpatory evidence. In closing argument, defense counsel did not dispute that Defendant had intercourse with Victim B, stating: "All right. Now, we, [Defendant], does not dispute that an act of intercourse occurred.

The corroborative evidence, the circumstantial evidence shows that. An act of intercourse did occur. The question is: Was it forcible rape, or was it sexual assault, or was it just two people having intercourse?" The rape kit results had no relevance when Defendant's counsel admitted that sexual intercourse took place. The officer who allegedly recorded an interview of Victim B testified in an offer of proof at trial that she could not remember if she recorded her interview of Victim B. The evidence was destroyed for the innocent reason that prosecution of Defendant initially was declined – not to deprive Defendant of exculpatory evidence. In these circumstances, Defendant failed to meet his burden to show a destruction of evidence that violated due process, and the trial court did not abuse its discretion in denying Defendant's motion to dismiss the charges involving Victim B. Point II is denied.

*Point III – Adverse Inference from Spoliation*

In his third point, Defendant asserts the trial court erred "in granting the State's objection and preventing [Defendant] from arguing in closing [at the trial of the charges involving Victim B] an adverse evidentiary inference" from the State's "intentional[]" destruction of "the rape kit, the original buccal swab of [Defendant], photos taken at the scene and [Victim B's] recorded police statement."

> "Spoliation is the intentional act of destruction or significant alteration of evidence." *State ex rel. Zobel v. Burrell*, 167 S.W.3d 688, 691 (Mo. banc 2005). "A party who intentionally destroys or significantly alters evidence is subject to an adverse evidentiary inference under the spoliation of evidence doctrine." *Id*. The destructive act must be intentional; mere negligent destruction of evidence does not constitute spoliation. *Schneider v. G. Guilliams, Inc.*, 976 S.W.2d 522, 527 (Mo.App.E.D.1998). The spoliator must destroy or alter the evidence under circumstances indicating fraud, deceit, or bad faith. *Id*. "When spoliation is urged as a rule of evidence which gives rise to an adverse inference, it is necessary that there be evidence showing intentional destruction of the item, and also such destruction must occur under circumstances which give rise to an inference

7

of fraud and a desire to suppress the truth." *Morris v. J.C. Penney Life Ins. Co.*, 895 S.W.2d 73, 77–78 (Mo.App.W.D.1995) (citing *Moore v. General Motors Corp.*, 558 S.W.2d 720, 736 (Mo.App.St.L.1977)). "In such cases, it may be shown by the proponent that the alleged spoliator had a duty, or should have recognized a duty, to preserve the evidence." *Id.*

. . . .

Applying the adverse inference has always required "***more than*** the mere loss or destruction of the evidence." *Id*. at 77. Because the adverse inference is "a harsh rule of evidence, prior to applying it in any given case it should be the burden of the party seeking its benefit to make a prima facie showing that the opponent destroyed the missing records under circumstances manifesting fraud, deceit or bad faith." *Moore*, 558 S.W.2d at 736.

*Wilmes v. Consumers Oil Company of Maryville*, 473 S.W.3d 705, 718, 719 (Mo.App. W.D. 2015) (emphasis in original).

First, as stated above, there was no intentional spoliation giving rise to an inference of fraud and a desire to suppress the truth. The evidence was destroyed after the prosecutor initially declined to pursue charges against Defendant. Next, from defense counsel's closing argument in the trial of the charges involving Victim B, it is not at all clear that, as claimed by Defendant, "defense counsel attempted to argue in closing that the lack of corroborating evidence warranted an adverse inference from the missing evidence." Defense counsel did not complete his thought or use the phrase "adverse inference" before the jury, and did not request an opportunity to proffer to the trial court the content of his intended argument. As a result, it is not clear that Defendant's complaint on appeal is based on an event that actually occurred at trial and was preserved. Finally, Defendant's counsel was allowed to and did argue to the jury that an officer threw away a lot of evidence and, thus, indicated a reasonable doubt. Defendant's third point is denied.

8

The sentences imposed by the trial court on the charges involving Victim A are reversed and the jury's guilty verdicts on those charges are remanded to the trial court solely for resentencing with jury participation in accordance with section 557.036. The remainder of the trial court's judgment is affirmed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, P.J. - Concurs

Gary W. Lynch, J. - Concurs