**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4660**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

OLABIMPE K. ADETAYO,

             Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:15-cr-00637-PJM-1)

---

Submitted:  March 16, 2017          Decided:  March 24, 2017

---

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Hollis Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olabimpe K. Adetayo appeals from the district court's order affirming the magistrate judge's judgment of conviction for impeding or interfering with an officer in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1) (2012).* Finding no merit to Adetayo's claims, we affirm.

Adetayo first alleges that the magistrate judge erred by denying her motion to dismiss the criminal complaint, arguing that the Government violated her due process rights by destroying the video recording of the incident giving rise to her convictions. In evaluating the denial of a motion to dismiss, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Abramski, 706 F.3d 307, 313-14 (4th Cir. 2013); United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005).

The state's failure to disclose evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, "irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373

---

* The magistrate judge also convicted Adetayo of driving on a learner's permit without supervision, in violation of Md. Code Ann, Transp. § 16-105(b)(1) (LexisNexis 2012); failing to carry vehicle registration, in violation of Md. Code Ann., Transp. § 13-409(a) (LexisNexis 2012); and unsafe lane changing, in violation of Md. Code Ann., Transp. § 21-309(b) (LexisNexis 2012). On appeal, Adetayo does not challenge those convictions.

U.S. 83, 87 (1963). By contrast, where the state fails to preserve potentially useful evidence, such failure does not violate the Due Process Clause unless the defendant can show bad faith. Illinois v. Fisher, 540 U.S. 544, 547-48 (2004) (citing Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988)).

Bad faith "requires that the officer have intentionally withheld the evidence for the purpose of depriving the plaintiff of the use of that evidence during h[er] criminal trial." Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000). The negligent destruction of evidence, without more, does not constitute bad faith. See Elmore v. Ozmint, 661 F.3d 783, 831 (4th Cir. 2011) (finding the negligent erasure of the tape of a bank robbery was not bad faith). We have reviewed the record on appeal and the parties' arguments with these standards in mind and find no reversible error in the magistrate judge's denial of the motion to dismiss.

In her second claim, Adetayo contends that the magistrate judge improperly declined to apply an adverse inference against the Government that unpreserved video surveillance footage would have been favorable to her. We discern no reversible error.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED