**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4322

_____

UNITED STATES OF AMERICA

v.

ADOLPHUS NWOKEDI,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cr-00177-001)
District Judge: Honorable Esther Salas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2017

Before: CHAGARES, JORDAN, and HARDIMAN, *Circuit Judges*.

(Opinion Filed:  September 11, 2017)

_____

OPINION[*]

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

After a jury convicted him of conspiracy to import heroin into the United States in violation of 21 U.S.C. § 963, Adolphus Nwokedi filed this appeal claiming he was entitled to a judgment of acquittal or a new trial. Because we are unpersuaded by any of Nwokedi's arguments, we will affirm the judgment of the District Court.

I[1]

Nwokedi first insists that his conviction cannot stand because the Government acted in bad faith. In support of this claim, Nwokedi cites the Government's destruction of evidence (the heroin) and its failure to record his confession.

Nwokedi's bad faith claim, which implicates "a defect in instituting the prosecution," Fed. R. Crim. P. 12(b)(3)(A), fails for at least two reasons. For starters, Rule 12 requires such claims to be raised before trial and we cannot consider untimely claims absent "good cause." Fed. R. Crim. P. 12(c)(3); *see also United States v. Salahuddin*, 765 F.3d 329, 349–50 (3d Cir. 2014). Although Nwokedi knew prior to trial that the heroin was destroyed, he neither raised the issue in the District Court nor has he argued on appeal that good cause existed for his failure to do so. Accordingly, we hold this claim forfeited.[2]

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. Our jurisdiction lies under 28 U.S.C. § 1291.

[2] Even had Nwokedi timely objected, his bad faith argument would have failed. We have no per se rule requiring confessions to be recorded, *United States v. Tykarsky*,

Articulating a variation on his first theme, Nwokedi argues that the destruction of the heroin and the absence of a recorded confession rendered the evidence insufficient to support his conviction. This argument runs headlong into the seminal precedent of *United States v. Caraballo-Rodriguez*, where this Court explained that our review of sufficiency claims is "highly deferential" to the jury's findings, even in "drug conspiracy cases." 726 F.3d 418, 430 (3d Cir. 2013) (en banc). We may reverse only when "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *Id.* at 430–31 (citation omitted).

Although the jury was free to believe Nwokedi's testimony that he never confessed, the jury was equally free to find the agent's testimony to the contrary more credible. Nor was it irrational for the jury to find Nwokedi guilty based on the circumstantial evidence presented at trial. Our review of the trial record leads to the conclusion that the evidence was sufficient under *Caraballo-Rodriguez*.

## II

Nwokedi also raises several challenges regarding the District Court's willful blindness jury instruction, despite the fact that the instruction was identical to the one the parties "agreed[ ]upon" and "jointly submitted." *United States v. Nwokedi*, 2016 WL

---

446 F.3d 458, 477 (3d Cir. 2006), and Nwokedi has failed to show that the destruction of the heroin was not inadvertent or that the heroin would have been materially exculpatory, *see Illinois v. Fisher*, 540 U.S. 544, 545, 548 (2004). Furthermore, the purity of the heroin was irrelevant to his sentence. *United States v. Gori*, 324 F.3d 234, 238–39 (3d Cir. 2003); 21 U.S.C. § 960(b)(2)(A).

7015626, at *9 & n.9 (D.N.J. Dec. 1, 2016). Under the invited error doctrine, then, Nwokedi "waived his right to raise these instructional issues." *United States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008).

Even had Nwokedi objected to the willful blindness instruction, we would affirm. Contrary to Nwokedi's argument, the fact that he willingly accepted the package containing heroin does not mean he was not willfully blind about its *contents*. Indeed, this possibility was remarkably consistent with Nwokedi's principal line of defense: that he was unaware the package contained heroin. Nor did the willful blindness instruction supplant the other elements of conspiracy, as Nwokedi asserts. It merely served as an alternative to the knowledge element already described by the Court alongside the other elements of conspiracy. *See* Supp. App. 382–92; *United States v. Leahy*, 445 F.3d 634, 649–51 (3d Cir. 2006) (considering the instructions as a "whole"), *abrogated in part on other grounds by Loughrin v. United States*, 134 S. Ct. 2384 (2014).

The willful blindness instruction also did not "uproot[] the reasonable doubt standard" or "shift[] the burden" of proof "onto Nwokedi." Nwokedi Br. 32. The District Court's instructions were almost identical to the Third Circuit Model Jury Instructions, which "d[o] not impose any burden, implicit or explicit, on [the defendant] to prove or disprove his knowledge." *United States v. Tai*, 750 F.3d 309, 315 (3d Cir. 2014). Finally, the willful blindness instruction did not constructively amend the indictment because it did not "broaden[] the possible bases for conviction." *Salahuddin*, 765 F.3d at 340. To repeat, it merely described an alternative to the knowledge element. *See United States v.*

4

*One 1973 Rolls Royce*, 43 F.3d 794, 813 (3d Cir. 1994). For these reasons, the willful blindness instruction was not infirm.

*    *    *

For the reasons stated, we will affirm Nwokedi's judgment of conviction.