17-4054-cr
United States v. Kloszewski

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand nineteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
               **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES,
       **Appellee**,

     **-v.-**                                **17-4054**

**GUSTAV KLOSZEWSKI, ALSO KNOWN AS GUS,**

        **Defendant-Appellant,**

**RUDY VELASQUEZ, STEVEN GUZMAN, ELVIS NUNEZ, JOSEPH ROSARIO, SIAN STAFFORD,**

        **Defendants.**

- - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Patrick J. Joyce, Law Offices of Patrick Joyce, New York, NY. |
| **FOR APPELLEE:** | Benet J. Kearney, Assistant United States Attorney (Kimberly J. Ravener, Daniel B. Tehrani, Assistant United States Attorneys, on the brief), for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Gustav Kloszewski was found guilty on four counts following a six-day jury trial in the District Court for the Southern District of New York (Hellerstein, J.). Kloszweski raises six issues on appeal.

**1.** Kloszewski argues that the district court should have dismissed his indictment because the government either destroyed or failed to preserve evidence from cooperator Sian Stafford's cell phone. We disagree.

A defendant is entitled to dismissal based on spoliation of evidence if: (1) the evidence possessed "exculpatory value that was apparent before it was destroyed," (2) the defendant would be "unable to obtain comparable evidence by other reasonably available means," and (3) the government acted in bad faith. United States v. Greenberg, 835 F.3d 295, 303 (2d Cir. 2016) (quotation marks omitted); see Illinois v. Fisher, 540 U.S. 544, 547-48 (2004); California v. Trombetta, 467 U.S. 479, 489 (1984). "Failure to satisfy any of these requirements, including a failure to show the Government's bad faith, is fatal to a defendant's spoliation motion." Greenberg, 835 F.3d at 303. We review a decision on such a motion for abuse of discretion, see id., which is not evident here.

Kloszewski argues that because he does not appear in the videos that show the robbery, they support his defense that he was not involved in the charged conspiracy to traffic in firearms without a license. But the government's case was that Kloszewski was the wheelman, not that he entered. And the videos would have further inculpated Kloszewski, as his approval of the recorded robbery was audible on a recording in evidence.

The government ultimately recovered one video and several photos from the phone's cloud backup. Kloszewski admitted that the recovered video was one he originally requested. The two additional videos would have been largely duplicative.

Stafford lost the phone while traveling through an airport. Kloszewski offers no evidence that the government played any role in the loss, let alone that it acted in bad faith.

**2.** Kloszewski argues that the government's failure to produce the contents of Stafford's second cell phone and the district court's refusal to permit him to cross-examine Agent Cunningham regarding a photograph sent from that phone warrant a new trial. Because this objection is raised for the first time on appeal, we review for plain error. United States v. James, 712 F.3d 79, 96 (2d Cir. 2013).

There was no Jencks Act violation. After Kloszewski's arrest, Stafford used the second phone to communicate with Special Agent Cunningham

regarding other DEA investigations.   Because those communications did not relate to Cunningham's testimony at trial, there was no obligation to produce this material to Kloszewski.   See United States v. Pacelli, 491 F.2d 1108, 1118 (2d Cir. 1974).

The denial of a defendant's opportunity to impeach a witness for bias is reviewed for harmless error.   United States v. Figueroa, 548 F.3d 222, 231 (2d Cir. 2008) (citing Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)).   "While the Sixth Amendment guarantees the right to cross-examine witnesses at trial, the scope and extent of cross-examination are committed to the sound discretion of the trial judge."   United States v. Salameh, 152 F.3d 88, 131 (2d Cir. 1998).   In this, judges have "wide latitude."   Van Arsdall, 475 U.S. at 679.

The court was within its discretion in precluding cross-examination about a racy photograph that the cooperator transmitted to Cunningham.   There was no evidence that Cunningham ever acted inappropriately; he immediately reported the inappropriate photograph (sent after Kloszewski's arrest) up the chain of command and warned Stafford to never send another such picture. Cross-examination on the matter could have confused and distracted the jury.

**3.** Kloszewski argues a violation of the Confrontation Clause based on the admission of recorded conversations between himself and cooperators whom the government did not call as witnesses.   We reject the argument because the cooperators' recorded statements were not testimonial.

"Alleged violations of the Confrontation Clause are reviewed de novo, subject to harmless error analysis." United States v. Vitale, 459 F.3d 190, 195 (2d Cir. 2006).   The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."   Crawford v. Washington, 541 U.S. 36, 53–54 (2004).   A third party's statements are nontestimonial if used only to provide context, and not for the truth of the matter asserted.   See United States v. Burden, 600 F.3d 204, 224–25 (2d Cir. 2010).   The admission of recordings that contain the voice of the defendant and a third party did not violate the Confrontation Clause because the third party's statements

were used only to provide context, and not for the truth of what was said. See, e.g., id.; United States v. Paulino, 445 F.3d 211, 216 (2d Cir. 2006); United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990). Indeed, here, the district court expressly so instructed the jury.

**4.** Kloszewski challenges the sufficiency of the evidence on Count Four, conspiracy to distribute and possess with intent to distribute marijuana and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(D). He argues that the government failed to establish venue in the Southern District of New York and that (beyond a reasonable doubt) he conspired to distribute narcotics weighing at least five kilograms.

We review de novo a challenge to the district court's ruling regarding venue. United States v. Lange, 834 F.3d 58, 69 (2d Cir. 2016). "The Government bears the burden of proving venue by a preponderance of the evidence." Id. "Where the Government has prevailed at trial, we review the sufficiency of the evidence as to venue in the light most favorable to the Government, crediting every inference that could have been drawn in its favor." Id. (internal quotation marks omitted).

"Venue is proper for conspiracy charges 'in any district in which an overt act in furtherance of the conspiracy was committed.'" Id. at 70 (quoting United States v. Tzolov, 642 F.3d 314, 319-20 (2d Cir. 2011)). On a phone call with coconspirators who were in Suffern, New York, Kloszewski discussed plans to rob a Florida narcotics dealer and then sell the stolen drugs. Because the discussion was an overt act in furtherance of the drug distribution conspiracy, venue in the Southern District of New York was proper. See United States v. Kirk Tang Yuk, 885 F.3d 57, 71 (2d Cir. 2018); United States v. Smith, 198 F.3d 377, 382 (2d Cir. 1999).

We review sufficiency claims "in the light most favorable to the government, drawing all reasonable inferences in its favor." United States v. Gaskin, 364 F.3d 438, 459 (2d Cir. 2004). We reverse "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." Id. at 459-60.

Kloszewski argues that the evidence was insufficient for the jury to find that the conspiracy was to distribute five kilograms or more of narcotics, and that the evidence at most established a plan to rob a house, with no certainty as to what would be stolen.

The recordings of Kloszewski's conversations reveal otherwise. In one, Kloszewski indicated that the target of the robbery possessed between twenty and fifty bricks. See A. 993. The jury heard testimony that a "brick" refers to a kilogram of narcotics, usually heroin or cocaine. Accordingly, the evidence was sufficient to sustain Kloszewski's conviction.

**5.** The district court dismissed Juror #2 for lateness partway through the trial. Kloszewski claims that the juror was nevertheless able to perform his duties.

A judge may replace jurors who, prior to the time the jury retires to consider its verdict, are unable to perform or are disqualified from performing their duties. Fed. R. Crim. P. 24(c); United States v. Gambino, 951 F.2d 498, 502 (2d Cir. 1991). "[W]hat, if any, inquiry must be made before deciding whether a juror should be excused . . . is committed to the judge's discretion. This court need only satisfy itself that the district court had sufficient information to make an informed decision." United States v. Iverson, 897 F.3d 450, 465 (2d Cir. 2018) (quoting United States v. Mulder, 273 F.3d 91, 108 (2d Cir. 2001)).

The court acted within the bounds of discretion. Judge Hellerstein considered that awaiting the absent juror would have delayed the trial for an extended and indeterminate period, and that the juror disregarded his duty.

**6.** We review a sentence for substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); see United States v. Betts, 886 F.3d 198, 201 (2d Cir. 2018). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). A sentence is substantively unreasonable "only if it cannot be located within the range of

permissible decisions." United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and citations omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338, 364 (2007).

Kloszewski was sentenced to the low end of the correctly calculated guideline range. Kloszewski argues that his age (58) and his arrest prior to completion of the conspiracies merit a below-guidelines sentence. But Kloszewski has an extensive criminal history, is a career offender, and has not been deterred by prior sentences for narcotics offenses. In any event, we owe "due deference" to the district court, and we ignore what weight we ourselves would give each factor. Gall, 552 U.S. at 51. The sentence is within the range of permissible decisions.

We have considered Kloszewski's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

<div style="margin-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>