**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00004-CR**
_____

**BRANDON SCOTT BEAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 23786**

**MEMORANDUM OPINION**

Brandon Scott Bean appeals from the trial court's denial of his motion to suppress. After the trial court denied his motion to suppress, Bean pleaded guilty to the offense of possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(b). The trial court sentenced Bean to confinement for two years in the Texas Department of Criminal Justice but suspended the sentence and placed Bean on community supervision for five years. In one issue on appeal, Bean argues that the trial court erred in failing to suppress evidence obtained from a police officer

1

when the videotape showing possession of the substance by Bean had been destroyed. Bean argues that his due process rights were violated when the State failed to preserve exculpatory and potentially useful evidence and the State's failure to preserve evidence was bad faith. We affirm.

## Background

On June 5, 2018, Bean filed a pretrial motion to suppress methamphetamine, other items seized from the stop, and any statements or admissions made by the defendant. Bean alleged that his arrest and detention was made without warrant and contrary to the Fourth Amendment of the United States Constitution, Article I, Section 9 of the Texas Constitution and Chapter 14 of the Texas Code of Criminal Procedure. He asked the trial court to suppress the fruits of this arrest and detention pursuant to Article 38.23 of the Texas Code of Criminal Procedure.

On July 12, 2018, the trial court heard the motion to suppress. The State presented one witness, Officer Chad Ainsworth with the Lumberton Police Department. Ainsworth testified that on July 31, 2015, he saw Bean's motorcycle traveling with a defective taillight. Based on prior dealings in narcotics, Ainsworth recognized the name Brandon Bean. He stopped the motorcycle and Bean gave him consent to search his bag. As Ainsworth was patting him down for weapons, Bean attempted to reach in his right pocket. After asking Bean to stop, Officer Ainsworth reached in Bean's pocket and felt a small plastic bag that was consistent with

2

narcotics. Bean admitted that the substance in the plastic bag was methamphetamine and Ainsworth placed Bean under arrest.

Ainsworth testified his patrol car had audio and video the night of the stop. He did not personally turn over the video to the District Attorney's office because at that time, he believed that a lieutenant would do that. The State acknowledged on the record that no audio or video was turned over to Bean's defense lawyer, but no audio or video was included in the original case from Lumberton Police Department, so they inquired with the department and were informed that in July 2015 the normal course of business was to reuse or get rid of recordings after ninety-one days. Because of that policy, there was no longer a recording of the stop.

Defense counsel argued that since only one officer was involved, the destruction of the video recording constituted spoliation of exculpatory evidence resulting in a denial of due process and dismissal was required. The defense did not present evidence showing the video recording included any exculpatory evidence. Defense counsel asked the trial court to hold its ruling in abeyance so that an affidavit from the business record custodian from the Lumberton Police Department could be obtained by the State. The State proffered that the chief of police informed the State of the video retention policy.

On August 29, Bean filed a Memorandum in Support of Defendant's Motion to Suppress. On September 10, 2018, the parties continued the motion to suppress

3

hearing and presented their arguments. The trial court took the issue under advisement and on September 12 issued its order denying Bean's motion to suppress.

Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). *Id.*; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, we review *de novo* questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Kerwick*, 393 S.W.3d at 273. At a hearing on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or to disbelieve any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). We must uphold the trial court's ruling on a motion to suppress if the ruling was supported by the record and was correct under any theory of law applicable to the case. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

The Due Process Clause of the Fourteenth Amendment guarantees a defendant in a criminal prosecution a trial comporting with fundamental fairness. *See California v. Trombetta*, 467 U.S. 479, 485 (1984). In determining whether the failure to preserve evidence violated a defendant's due process rights, courts have

4

drawn a distinction between lost or missing evidence that can be considered "material exculpatory evidence" and evidence that is at best "potentially useful." *Ex parte Napper*, 322 S.W.3d 202, 229, 231 (Tex. Crim. App. 2010) (citing *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988)). A federal due process violation occurs whenever the State suppresses or fails to disclose material, exculpatory evidence, regardless of whether the State acted in bad faith. *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004); *see also Ex parte Napper*, 322 S.W.3d at 229 (citing *Youngblood*, 488 U.S. at 57). However, if a defendant seeks to prove a federal due process violation based on the State's destruction of potentially useful evidence, the defendant must show the State acted in bad faith in destroying the evidence. *Fisher*, 540 U.S. at 547-48; *Youngblood*, 488 U.S. at 57-58; *Ex parte Napper*, 322 S.W.3d at 229; *see also Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008) (recognizing that the government's "failure to preserve potentially useful evidence" does not violate due process unless the defendant shows that the loss of evidence resulted from "bad faith on the part of the police[]"). On appeal, Bean contends that the videotape constitutes "potentially useful" evidence and does not point to any evidence in the record to affirmatively show that the video would have justified, excused, or cleared Bean from guilt.

Although the Court of Criminal Appeals has recognized that the term "bad faith" cannot be defined with precision, it has made clear that the term entails more

5

than mere negligence on the part of the State or law enforcement officials where evidence is either lost or destroyed:

> "Bad faith" is more than simply being aware that one's action or inaction could result in the loss of something that is recognized to be evidence….[B]ad faith entails some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful. Bad faith cannot be established by showing simply that the analyst destroyed the evidence without thought, or did so because that was the common practice, or did so because the analyst believed unreasonably that he was following the proper procedure.

*Ex parte Napper*, 322 S.W.3d at 238.

Discussion

The record in this case does not demonstrate any improper motive, personal animus against Bean, or an intention to prevent Bean from obtaining potentially useful evidence. Rather, Ainsworth's testimony shows that the videotape was destroyed in accordance with the Lumberton Police Department's policy of reusing or destroying recordings after ninety-one days. Bean asserts that "the videotape was potentially useful to Appellant for what it did *not* depict." However, Bean can only assert that such evidence *might* have exonerated him. Because the record fails to demonstrate either that the lost evidence was exculpatory or that it was potentially useful and was lost as a result of bad faith on the part of the State, we overrule Bean's sole issue. *See id.*

6

## Conclusion

We affirm the judgment of the trial court.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on August 13, 2024
Opinion Delivered January 22, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.